IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JOSHUA WILEY MITCHELL, #02166529 | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:20cv811 |
| | § | |
| DIRECTOR, TDCJ-CID | § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner Joshua Wiley Mitchell filed a *pro se* motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(1). (Dkt. #31). On October 25, 2023, Magistrate Judge Kimberly C. Priest Johnson issued a Report and Recommendation (Dkt. #25) recommending that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied and the case dismissed with prejudice. No objections were timely filed, and on December 13, 2023, the Court entered an Order of Dismissal adopting the Report and Recommendation and a Final Judgment dismissing the case with prejudice. (Dkt. ##28, 29). Petitioner filed a notice of appeal, which was docketed on January 8, 2024. (Dkt. #30).

Thereafter, Petitioner filed a motion for relief from judgment pursuant to Rule 60(b)(1) (Dkt. #31), alleging his counsel did not inform him that the Report and Recommendation had issued until after the fourteen-day objection period had expired and Final Judgment had entered, and seeking relief from the judgment to allow him to file objections to the Report and Recommendation. On March 11, 2024, the Court entered an Order directing Petitioner to file objections to the Report and Recommendation within fourteen days from the receipt of the Order. (Dkt. #33).

Petitioner has now filed objections to the Report and Recommendation, which the Court construes as his motion for relief from judgment. (Dkt. #36). If a motion for relief from judgment is filed within twenty-eight days of final judgment, Petitioner's motion should be filed as a motion under Rule 59. Fed. R. Civ. P. 59(e). If the motion is filed after that time, it falls under Rule 60(b). Fed. R. Civ. P. 60(b). Petitioner's original motion (Dkt. #31) was docketed on January 16, 2024, thirty-four days after the Final Judgment was entered dismissing this action on December 13, 2023. However, the motion is dated January 10, 2024, twenty-eight days after the Final Judgment was entered. (Dkt. #31, p. 2). Under the prison mailbox rule, a filing by a *pro se* prisoner is deemed filed when it is presented to prison authorities for mailing. *See Houston v. Lack*, 487 U.S. 266, 275-76 (1988). In light of the prison mailbox rule, the Court deems the motion filed on the date Petitioner signed the motion—January 10, 2024—and will consider the motion pursuant to Fed. R. Civ. P. 59(e).[1]

Rule 59(e) permits this Court to alter or amend the judgment due to (1) an intervening change in controlling law, (2) availability of new evidence not previously available, or (3) the need

---

[1] Petitioner filed his notice of appeal, which would ordinarily deprive this Court of jurisdiction, before he timely filed his Rule 59(e) motion twenty-eight days after this Court entered final judgment. However, because a Rule 59(e) motion is one of the motions listed in Rule 4 of the Federal Rules of Appellate Procedure, the notice of appeal is effectively suspended. *See Ross v. Marshall*, 426 F.3d 745, 752 (5th Cir. 2005); *see also See Simmons v. Reliance Standard Life Ins. Co. of Tex.*, 310 F.3d 865, 868 (5th Cir. 2002) ("Rule 4(a)(4) suspends the time for review by this Court because, until the district court addresses all post-judgment motions specified by the rule, it has not entirely finished with a case."); *Bann v. Ingram Micro, Inc.*, 108 F.3d 625, 626 (5th Cir. 1997) ("Bann's notice of appeal, filed after the entry of the judgment but before the disposition of his motion to reinstate the case, was ineffective to appeal from the judgment until the entry of the order disposing of that motion."); *Burt v. Ware*, 14 F.3d 256, 258 (5th Cir. 1994) (treating a notice of appeal filed before disposition of a post-judgment motion listed in Rule 4(a)(4)(A) as "dormant"). "This holds true regardless of whether the motion was filed before or after the notice of appeal." *Ross*, 426 F.3d 745, 751-52 (5th Cir. 2005). Alternatively, once a notice of appeal has been filed, the district court may consider or deny a motion for reconsideration, but "it no longer has jurisdiction to grant such a motion while the appeal is pending." *Perkins v. Livingston*, No. 9:12CV121, 2012 WL 13184344, at *2 (E.D. Tex. Oct. 1, 2012) (quoting *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 329 (5th Cir. 2004)). If the district court is inclined to grant the motion, it is necessary to obtain leave from the Court of Appeals. *Shepherd*, 372 F.3d at 329. Such leave is not necessary in this case, as the Court will deny Petitioner's motion for reconsideration, construed as a Rule 59(e) motion. *See Perkins*, No. 9:12CV121, 2012 WL 13184344, at *2.

to correct a clear error of law or fact or prevent a manifest injustice. *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *Schiller v. Physicians Res. Grp.*, 342 F.3d 563, 567 (5th Cir. 2003). Altering, amending, or reconsidering a judgment is an extraordinary remedy that courts should use sparingly. *Templet*, 367 F.3d at 479; *Shackelford v. Harden*, No. 6:11CV701, 2012 WL 947668, at *1 (E.D. Tex. Mar. 20, 2012). Rule 59(e) motions cannot be used to raise arguments which could, and should, have been made before the judgment issued. *See Russ v. Int'l Paper Co.*, 943 F.2d at 593. The rule does not exist to be a vehicle for re-litigating old issues, presenting the case under new theories, obtaining a rehearing on the merits, or taking a "second bite at the apple." *Chi v. United States*, No. 4:12CR155(1), 2022 WL 17347781, at *1 (E.D. Tex. Nov. 30, 2022) (quoting *Sequa Corp v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)).

Petitioner does not offer newly discovered evidence or argue there has been an intervening change in controlling law or a need to correct manifest errors of law or fact. Rather, Petitioner reurges issues previously raised or raises arguments which could, and should, have been made before the judgment issued. Petitioner's Rule 59(e) motion is thus nothing more than a "second bite at the apple." Thus, Petitioner fails to show that the Final Judgment should be altered or amended.

It is accordingly **ORDERED** that Petitioner's motion for relief from judgment (Dkt. ##31, 36) is **DENIED**.

It is further **ORDERED** that all motions not previously ruled on are hereby **DENIED**.

**SIGNED this 29th day of May, 2024.**

*/s/ Amos Mazzant*
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE